IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JENNIFER DECOSTA, | ) | CIV. NO. 10-00739 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING |
| | ) | PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES; |
| STATE OF HAWAII, PARK'S & | ) | (2) DENYING PLAINTIFF'S |
| RECREATION, | ) | REQUEST FOR APPOINTMENT OF |
| | ) | COUNSEL; AND (3) DISMISSING |
| Defendant. | ) | COMPLAINT WITH LEAVE TO |
| _____ | ) | AMEND |

**ORDER (1) DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; (2) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL; AND (3) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**I. INTRODUCTION**

On December 13, 2010, Plaintiff Jennifer DeCosta ("Plaintiff") filed (1) a Complaint against "State of Hawaii, Park's & Recreation" alleging employment discrimination; (2) an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application"); and (3) a Request for Appointment of Counsel Under the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5(f)(1)(B) (the "Request for Counsel"). Pursuant to Local Rule 7.2(d), the court finds the matters suitable for disposition without a hearing. For the reasons set

forth, the court DENIES Plaintiff's Application; DENIES Plaintiff's Request for Counsel; and DISMISSES the Complaint with leave to amend.

## II. ANALYSIS

**A.     Plaintiff's Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating he or she is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1); *see also* 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may . . . authorize the commencement of the action without the payment of fees, costs, or security."). "[A]n affidavit is sufficient which states that one cannot because of poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), the court examines whether the statements in the affidavit satisfy the requirement of poverty. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  "A district court may deny leave to proceed *in forma pauperis* [(*i.e.*, without payment of a filing fee)] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Plaintiff's Application fails to demonstrate that she is unable to pay the costs of her suit.  In the Application, Plaintiff declares under penalty of perjury that she: 1) is not presently incarcerated; 2) is presently receiving worker's compensation payments of $1,000 per month; 3) owns a 2001 Nissan Sentra Mazda and a condominium; and 4) has $13,000 in cash or in a checking or savings account.  She has monthly expenses approaching $3,000, including a mortgage payment of $1,400 and a maintenance fee of $500; and has one dependent.  Her corresponding Request for Counsel, also submitted under penalty of perjury,

indicates that Plaintiff's spouse earns $4,300 per month.[1]  With ownership in a condominium, savings of $13,000, and a household income of $5,300 per month, Plaintiff has failed to demonstrate poverty to support her request for *in forma pauperis* status.  Although the court does not apply the federal poverty guidelines as the sole basis to grant or deny *in forma pauperis* status, the court notes that the 2010 federal poverty guidelines issued by the United States Department of Health & Human Services for a three-person family living in Hawaii is $21,060.  *See* http://aspe.hhs.gov/poverty/10poverty.shtml (last visited Dec. 14, 2010).  Plaintiff's family income of $63,600 is far in excess of the federally-established poverty guideline.

Accordingly, Plaintiff's Application is DENIED.  As explained below, Plaintiff's Complaint is being dismissed without prejudice to filing an Amended Complaint by January 6, 2011.  If Plaintiff chooses to file an Amended Complaint, she must also submit the requisite filing fee of $350.00 to commence this action.  If Plaintiff chooses not to file an Amended Complaint, she need not submit the $350.00 filing fee and the action will be closed.

---

[1] "[A] court's consideration of a party's ability to pay for costs and attorney's fees is not limited by the party's application for leave to proceed *in forma pauperis*, and that the court may 'look beyond the . . . application . . . to determine his financial condition.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (quoting *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)).

**B.     Request for Counsel**

Title VII of the Civil Rights Act of 1964 provides in pertinent part that: "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant[.]" 42 U.S.C. § 2000e-5(f)(1).  *See also* 28 U.S.C. § 1915(e)(1) (providing that the court "may request an attorney to represent any person unable to afford counsel"). A district court is not obligated to appoint counsel in every employment discrimination case but may do so under "circumstances as the court may deem just." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). The statutes, however, do not provide for fees to pay for such appointed counsel. The court must consider three factors in requests for appointment of counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claim has merit. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). The court should only appoint counsel under Title VII under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether "exceptional circumstances" exist, the court should consider the plaintiff's likelihood of success on the merits of the case as well as her ability to adequately represent herself given the complexity of the case. *Id.*

Plaintiff has not established a lack of financial resources, and has listed only two counsel that she contacted. Her submissions also do not make the showing of merit necessary for purposes of appointment of counsel. The Complaint indicates she was not hired for unspecified reasons, and does not list any of the grounds necessary for a Title VII claim (*e.g.*, discrimination based on race, national origin, religion, or gender, or retaliation for engaging in protected activity). The Complaint lacks specific and key indications of discrimination in employment. "Exceptional circumstances" do not exist here. Given the Complaint's vague allegations, and the fact that the court has been provided no statutory basis to pay for an attorney to represent indigent parties in civil cases, the court is unable to appoint counsel to represent Plaintiff. Plaintiff's Motion for Appointment of Counsel is therefore DENIED.

**C.     Plaintiff's Complaint Is Dismissed**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*citing Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Complaint appears to allege that Plaintiff was discriminated against in an employment context. It alleges that Defendant "[h]ired me and turn around and said that they didn't hire me." Compl. ¶ 4. The Complaint further alleges that Plaintiff "made a Complaint about my job and since I made that Complaint they did everything in [their] power to get rid of me." Compl. ¶ 6. These allegations are insufficient to state a Title VII claim for either discrimination or retaliation.

Specifically, Title VII makes it an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Plaintiff has not alleged that she was discriminated

against because of her "race, color, religion, sex, or national origin" and therefore has failed to allege a claim for discrimination in violation of Title VII.

To allege a claim for retaliation in violation of Title VII, Plaintiff must allege that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 965 (9th Cir. 2004). To constitute a "protected activity," the activity in question must be a complaint, grievance, or claim that opposes a Title VII violation, *i.e.*, discrimination on the basis of race, color, religion, sex, or national origin. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988); *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994) (defining "protected activity" as protesting or otherwise opposing unlawful employment discrimination directed against employees protected by Title VII). Because Plaintiff has not alleged that she engaged in a protected activity, Plaintiff has failed to allege a claim for retaliation in violation of Title VII.

The court therefore DISMISSES the Complaint WITHOUT PREJUDICE. This dismissal means that Plaintiff is granted leave to file an Amended Complaint correcting, if possible, these deficiencies. If, however,

Plaintiff chooses to file an Amended Complaint, she must pay the $350 filing fee before the action can continue.

The court observes that the present Complaint alleges that discrimination occurred "on or about 2006." Compl. ¶ 7. Generally, where a plaintiff files a complaint in a state (such as Hawaii) with a state agency authorized to address Title VII discrimination complaints, Title VII provides for a 300-day statute of limitations. *See* 42 U.S.C. § 2000e-5(e). That is, a plaintiff usually must file a complaint with the Equal Employment Opportunity Commission ("EEOC"), or the Hawaii Civil Rights Commission, within 300 days of the alleged illegal discrimination. If the complaint is not filed within 300 days, it is barred unless there are factual circumstances excusing the late filing, such as "equitable tolling." *See Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Although the Complaint here attaches a notice of right to sue from the EEOC dated September 9, 2010, it is unclear whether the matter is otherwise barred by the 300-day limitation period in § 2000e-5(e). Plaintiff may want to evaluate her claim in that light before deciding to pay the filing fee in an attempt to continue the action.

## III.  CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's Application and DENIES Plaintiff's Request for Counsel.  The court DISMISSES the Complaint with leave to amend.  If Plaintiff chooses to file an Amended Complaint, it must be accompanied by the required $350 filing fee.  Plaintiff is allowed until **January 10, 2011** to file an Amended Complaint.  Otherwise, this action will automatically be dismissed without prejudice and the matter will be closed.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 20, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*DeCosta v. State of Hawaii, Park's & Recreation*, Civ. No. 10-00739 JMS-BMK, Order (1) Denying Plaintiff's Application to Proceed Without Prepayment of Fees; (2) Denying Plaintiff's Request for Appointment of Counsel; and (3) Dismissing Complaint with Leave to Amend